UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 18-23946-CIV-MORENO

DALE AINSLEY LEO EWERS,

    Plaintiff,

vs.

METRO WEST DETENTION CENTER,

    Defendant.
_____/

## ORDER OVERRULING OBJECTIONS TO REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Plaintiff's Objections to Magistrate Judge White's Report and Recommendation **(D.E. 24)**, filed by the Clerk's Office on **January 14, 2019**. The Court has considered the objections, the pertinent portions of the record, and is otherwise fully advised in the premises.

The timing of Plaintiff's Objections requires a brief summary of the procedural history in this case. On September 25, 2018, this case was referred to Magistrate Judge Patrick A. White for a Report and Recommendation on Plaintiff's Complaint for Violation of Civil Rights. (D.E. 2.) On December 20, 2018, Magistrate Judge White issued a Report and Recommendation recommending the undersigned dismiss the Complaint with prejudice for Plaintiff's repeated failure to comply with the Magistrate Judge's orders concerning Plaintiff's impermissible shotgun-styled pleadings. (*See* D.E. 18 at 6–8.) Pursuant to Southern District of Florida Magistrate Judge Rule 4(b), Plaintiff's Objections to the Report and Recommendation were due January 3, 2019. Eight days after the objections period expired without the Court receiving any objections, the Court issued an Order adopting the Report and Recommendation and dismissing the Complaint with

prejudice. (D.E. 21.) The case then took a procedural turn on January 14, 2019 when the Clerk's Office filed Plaintiff's mailed-in Objections on the docket. (D.E. 24.) "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1286 (11th Cir. 2016) (citation omitted). It is not clear precisely when prison authorities received Plaintiff's Objections for mailing. (*See* D.E. 24 at 1, 6, 8–9.) Nevertheless, Plaintiff signed and dated the Objections for January 2, 2019. *See id.* at 6. To resolve Plaintiff's Objections, the Court assumes the Objections were delivered to prison authorities for mailing by January 3, 2019 and were thus timely filed under the prison mailbox rule.

Magistrate Judge White recommended dismissing the Complaint with prejudice because Plaintiff repeatedly failed to comply with court orders concerning Plaintiff's impermissible shotgun-styled pleadings. (*See* D.E. 18 at 6–8; *see also* D.E. 4, 8, 15.) Plaintiff's Objections target the denial of his applications to proceed *in forma pauperis* and simultaneously request an injunction against Metro West Detention Center personnel that requires the facility to provide Plaintiff with stamped envelopes and lined paper. (*See* D.E. 24 at 2–4.) But these so-called "objections" fail to address the principal reason Magistrate Judge White recommended dismissal: Plaintiff's repeated failures to comply with orders striking Plaintiff's shotgun-style pleadings and granting Plaintiff additional opportunities to cure the pleading defects. Accordingly, these objections are OVERRULED.

Plaintiff also objects to Magistrate Judge White denying Plaintiff's request for appointment of counsel. *Id.* at 5. But as Magistrate Judge White correctly noted, Plaintiff is not entitled to appointment of counsel to pursue his 42 U.S.C. § 1983 claim. (D.E. 16 (citing *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) ("A civil litigant, including a prisoner pursuing a section

1983 action, has no absolute constitutional right to the appointment of counsel.")).) And furthermore, in light of Plaintiff's failure to cure his pleading defects, Magistrate Judge White aptly noted that it was "not clear that Plaintiff's case consist[ed] of novel facts or complex legal issues" and "hence, it [was] not necessary to appoint counsel." (D.E. 16.) The Court agrees with Magistrate Judge White's ruling regarding appointment of counsel; but more to the point, this objection also fails to address Plaintiff's repeated failures to cure his defective shotgun-style pleadings. Therefore, this objection is also OVERRULED.

Based on the foregoing, the Court is well within its inherent authority to dismiss the Complaint with prejudice. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."). Consequently, it is

**ADJUDGED** that Plaintiff's Objections **(D.E. 24)** are **OVERRULED**. It is also

**ADJUDGED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs **(D.E. 25)**, filed by the Clerk's Office on **January 14, 2019** is **DENIED AS MOOT** in light of the Court's Order dismissing the Complaint with prejudice **(D.E. 21)** and this Order overruling Plaintiff's Objections.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8th of March 2019.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

Dale Ainsley Leo Ewers
170122625

3

Miami-Dade County-MW
Metro West
Inmate Mail/Parcels
13850 NW 41st Street
Miami, FL 33178
<u>Pro Se</u>